# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT V. WONSCH, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>JAMES RADFORD, individually )<br>and in his official capacity; )<br>OKLAHOMA INDIGENT )<br>DEFENSE SYSTEM; STATE OF )<br>OKLAHOMA; CLEVELAND )<br>COUNTY OKLAHOMA; )<br>CLEVELAND COUNTY BOARD )<br>OF COMMISSIONERS; JUDGE )<br>TRACY SHUMACHER, )<br>individually and in her official )<br>capacity; DOES 1-1,000, )<br>)<br>    Defendants. ) | Case No. CIV-17-280-D |

## REPORT AND RECOMMENDATION

Robert Wonsch (Plaintiff), a state pretrial detainee appearing pro se and asking to proceed in forma pauperis (ifp), conditionally filed[1] this action seeking relief for alleged violations of his civil rights. Doc. 1.[2] United States

---

[1] Under the Local Civil Rules of the United States District Court for the Western District of Oklahoma (LCvR), "[p]ending the court's ruling on the [ifp] application, the civil action, suit, or proceeding will be deemed conditionally filed." LCvR3.3(d).

[2] This report cites court filings by their electronic case filing designation and pagination. Quotations are verbatim unless indicated.

District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4.

For the following reasons, the undersigned recommends the dismissal without prejudice of the conditionally filed action.

## I. Plaintiff has failed to comply with a court order.

Plaintiff did not enclose either the required filing fee or an application to proceed ifp when he mailed his complaint for filing. *See* Docs. 1, 2. The undersigned advised him that his action could not proceed until either he paid the $400 filing fee or the court granted him leave to proceed without prepayment of the fee. Doc. 5, at 1. The undersigned ordered Plaintiff to cure this deficiency by April 13, 2017, and specifically cautioned that his failure to do so could result in the dismissal of this action. *Id.*[3]

Plaintiff subsequently filed an application with supporting affidavit "for leave to . . . [c]ommence this action for civil rights relief . . . without prepayment of fees or costs . . . ." Doc. 8, at 1. His application purportedly included a certified copy of his "institutional account statement . . . for the six-month

---

[3] The undersigned directed the Clerk of Court to send Plaintiff the necessary form to comply with the order. Doc. 5, at 1.

period immediately preceding the filing of this action," *id.* at 3,[4] but the attached "Detainee Transaction History" covered only the period beginning on February 21, 2017 and ending on March 21, 2017. *Id.* at 6. Plaintiff filed this action on March 15, 2017. Doc. 1. Because his ifp motion, Doc. 8, did not include "the certified copy of [his] institutional accounts statement [for] the six-month period immediately preceding" that filing date, the undersigned ordered him to cure that deficiency by April 27, 2017. Doc. 9, at 1, 2 (bolding omitted). Once again, the undersigned specifically cautioned Plaintiff that his failure to do so could result in the dismissal of this action. *Id.* at 2.[5]

To date, Plaintiff has not complied. He has not shown good cause for his failure to do so, and he has not requested an extension of time. After submitting his ifp application on April 4, 2017, Plaintiff simply stopped communicating with the court in connection with this case. Plaintiff's failure to comply with a court order, together with a court's right and responsibility to

---

[4] "A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

[5] The undersigned, once again, instructed the Clerk of Court to send Plaintiff the necessary form to comply with the order. Doc. 9, at 2.

3

manage and control its caseload, warrants dismissal of this action without prejudice. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 n.2, 1162 (10th Cir. 2007) (noting the court applies Fed. R. Civ. P. 41(b) to allow sua sponte dismissal for "failure to . . . comply with the rules of civil procedures or court's orders").

### III. Recommendation and notice of right to object.

For the stated reasons, the undersigned recommends the dismissal of Plaintiff's action under Fed. R. Civ. P. 41(b), without prejudice to refiling. Adoption of this recommendation would moot Plaintiff's pending motion to appoint counsel, Doc. 2, and his application for leave to proceed ifp, Doc. 8.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before May 30, 2017, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 10th day of May, 2017.

                                              */s/ Suzanne Mitchell*
                                              SUZANNE MITCHELL
                                              UNITED STATES MAGISTRATE JUDGE